CATHERINE McCORMICK, appellant,

*v.*

HENRY HICKEY et al., respondents.

The practice as to the enforcement of a final decree, in case stated, defined.

On appeal from an order advised by Vice-Chancellor Grey, who delivered the following opinion :

McCormick *v.* Hickey.

This is a petition filed by Henry Hickey and others, complainants, against Catherine McCormick, defendant, praying an order requiring the defendant to make conveyance of land to the petitioners, in accordance with the final decree which has been already made. This decree was made on the 23d day of November, 1897, in favor of the complainants, and it directed that if the complainants should, within thirty days from the date thereof, pay or tender to the defendant, Catherine Mc-Cormick, $3,242.07, with interest from May 22d, 1897, then the defendant should convey to the complainants the lands and premises in the bill described. The decree contains a further direction that unless the complainants should pay or tender as aforesaid within thirty days from the date of the decree, their bill should be dismissed, &c.

The petitioners, who are the complainants in this suit, now ask for an order to compel the defendant to perform the decree by making conveyance, professing themselves ready to pay the necessary money to the defendant, and that they were prevented from making any tender by the refusal of the defendant, within the period of thirty days after the decree was made, to accept the moneys, because she claimed that the time had gone by when, by the decree, she was required to make a conveyance, and also because her counsel was absent, and she was unwilling to make any arrangement without his presence.

On the hearing of the petition the defendant gives notice of and makes a motion to dismiss the bill for want of performance of the terms of the decree.

The testimony on the part of the complainant and petitioners, shows that they had taken steps to raise the necessary funds to satisfy the complainants, and were preparing on the 23d of December, 1897, to complete them and tender her the money. They had made known to her the existence of these circumstances. This took place in the office of the solicitor of the complainants, and is proved by his affidavit. He further says that she refused to accept the money and refused to make any conveyance pursuant to the decree of the court. By her own testimony she admits that she was present on the day named in the

54

office of the complainants' solicitor, and that she was informed that the complainants or their representatives were talking of meeting there that day to arrange for a settlement, but she says that nothing was said to her about complying with the decree, and no tender of money was made to her. It further appears, however, by her own testimony, that she told the solicitor for the complainants that the time had gone by when, by order of the court, she was required to make a conveyance, and that she would make no arrangement concerning the premises in the absence of her counsel, who at that time was in Washington.

The terms of the decree obliged the complainants to pay or tender the money within thirty days from the 23d day of November, 1897. In computing the time within which a rule or order of this character is to be complied with, the day of the date of the order or decree is to be excluded. *Thorne* v. *Mosher, 5 C. E. Gr. 261; Serrell* v. *Rothstein, 4 Dick. Ch. Rep. 384, 387; In re probate will of Edward Evans, 2 Stew. Eq. 574; McCulloch* v. *Hopper, 18 Vr. 189.* The words of the decree as expressed would themselves carry this meaning. They require the act to be done " within thirty days from the date of the decree." To give these words the meaning claimed for them by the defendant, it must be held that the first day expired on the day of the making of the decree, whereas a fair and reasonable construction of the language would be that the first day expired not on the day in which the decree was made, but on the following day, and so the whole period was completed, computing the next day after the date of the decree as the first, by counting the remainder of the thirty days. This would make the time expire, according to the terms of the decree, on the expiration of December 23d, 1897, including that day as the last of the thirty days fixed by the decree. On that day, when the matter was called to the attention of the defendant (however she may deny the actual tender, or a declaration of a purpose to pay the money then made to her), it is quite apparent that it was disclosed to her by the solicitor of the complainants that the parties were preparing for a payment to be made that day to her, and that on receiving that information, she declared to the

McCormick v. Hickey.

solicitor of the complainants that she would make no arrangement for a settlement in the absence of her .counsel, and further declared that in her view the time within which a payment could be made under the decree had expired.

Under these circumstances, what would it have availed the complainants in an effort to perform the decree had they actually shown her the money required by the decree to be paid. Her counsel was absent and she declared she would make no settlement; by her contention, the period of time within which she was required to accept the payment had already expired, and her declarations to the solicitor of the complainants, under these circumstances, in my view, relieved them from any obligation to make to her an actual tender of the money.

The defendant contends that the bill in this case is in the nature of a bill to redeem, and that the time allowed to redeem, once fixed, will not afterwards be enlarged, and I am referred to the case of *Perine* v. *Dunn, 4 Johns. Ch. 140.* In the view I take of the circumstances in the case before me, the relief sought by the petitioners is not an enlargement of the time within which they may redeem. The defendant herself, by her own actions and declarations, prevented the performance on the part of the complainants, within the time prescribed by the decree, and the giving of a further day within which the performance may be tendered on the part of the complainants, and may be required from the defendant, is not an extension of favor to the complainants, but the fixing of a day certain by which the defendant shall be required to perform the decree, she having, by her own act, prevented performance upon the last day given by the final decree.

For these reasons I do not think the complainants' bill should be dismissed, as moved by the defendant.

The defendant appears to have been an ignorant woman, acting hastily in the absence of her counsel, and I think a further opportunity should be given to her to comply with the terms of the decree under such circumstances that she should be absolutely secure in the receipt of the moneys adjudged to be due to her.

I will advise an order that if the complainants shall, within

ten days from the date of the order, pay the amounts directed to be paid by them in the final decree into the hands of Thomas E. French, a special master of this court, the defendant shall, within ten days after the notification of such payment and of this order given to her or to her solicitor, execute to the complainants the conveyance directed by the final decree in this cause and deliver the same to the said master, receiving therefor the moneys so as aforesaid deposited with him by said complainants; and that if the complainants fail to make payment as aforesaid, the bill shall be dismissed as directed by the said final decree; and if the defendant fails to make conveyance as required by the order, the complainants shall be at liberty to apply to this court for further relief.

*Mr. John F. Harned,* for the appellant.

*Mr. David J. Pancoast,* for the respondents.

PER CURIAM.

Order affirmed, for the reasons given in the court of chancery.

*For affirmance*—COLLINS, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, HENDRICKSON, NIXON, VREDENBURGH—11.

*For reversal*—None.